**No. 66208.**—Neo-Smelting & Refining, Inc. *v.* United States, protest 59/27528(A) (New York).

Opinion by RICHARDSON, J. It was stipulated that the collector would have liquidated the merchandise free of duty had certain information, which was subsequently supplied, been before him at the time of liquidation. An examination of the official papers, which were received in evidence, showing the involved merchandise to be a byproduct scrap which had to be remanufactured, the claim of the plaintiff was sustained.

**No. 66209.**—Red Line Commercial Co., Inc. *v.* United States, protest 59/6780 (Philadelphia).

Opinion by RICHARDSON, J. An examination of the collector's report, which was received in evidence, shows that said section 501 was not complied with by the collector, in that no notice of appraisement had been issued. On the record presented, the protest was dismissed, and the matter was remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U.S.C. § 2636(d)). *United States* v. *James H. Rhodes & Co.* (40 C.C.P.A. 1, C.A.D. 488), followed.

**No. 66210.**—Old Delft Optical Co., Inc. *v.* United States, protest 60/18592 (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that no notice of appraisement was sent by the collector to the plaintiff and that the appraised value of the merchandise was higher than the entered value, the protest was dismissed, and the matter was remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U.S.C. § 2636(d)). *United States* v. *James H. Rhodes & Co.* (40 C.C.P.A. 1, C.A.D. 488), followed.