(V.D. 120)

RED LINE COMMERCIAL CO., INC. *v.* UNITED STATES

Entry No. WH–3196.

(Decided May 23, 1962)

*Barnes, Richardson & Colburn* for the plaintiff.
*William H. Orrick, Jr.,* Assistant Attorney General, for the defendant.

DONLON, Judge: This case is before me on remand, 28 U.S.C., section 2636(d), of a protest decided by the third division of this court. *Red Line Commercial Co., Inc.* v. *United States,* 47 Cust. Ct. 365, Abstract 66209. Judgment there sustained protest claim that the appraisement was invalid and the liquidation of the entry void for failure to give notice of an advance in value in appraisement of the merchandise, pursuant to section 501 of the Tariff Act of 1930, as amended. Section 2636(d) provides that, upon remand, a single judge shall determine the proper dutiable value of the merchandise in the manner provided by law.

Counsel for the parties have submitted this case on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to the approval of the court:

That the instant remand of protest is limited to canned meat products exported from Argentina and abandoned as to all other merchandise.

That the issues are similar in all material respects to the issues involved in *United States* v. *International Packers, Ltd.,* 48 CCPA 80, C.A.D. 769 and that the record therein be incorporated in the instant record.

That on or about the dates of exportation such or similar merchandise was not freely offered for sale for home consumption in Argentina or for export to the United States.

That at the times of exportation enumerated in Schedule "A" hereto attached and made a part hereof, the United States values, as such value is defined in Section 402(e) of the Tariff Act of 1930 of the merchandise enumerated in Schedule "A" were respectively the values set forth therein under the heading:

"United States Values Per Dozen
Tins, Net Packed"

That the instant remand of protest is submitted for decision on the incorporated record and this stipulation.

Accepting this stipulation as an agreed statement of facts and on authority of the decision cited therein, I find and hold that United States value, as defined in section 402(e) of the Tariff Act of 1930, as effective on the date the merchandise was entered or withdrawn

from warehouse for consumption, is the proper basis for determination of the value of the canned meat products, exported from Argentina, described on the invoice and entry covered by this remand, and that such values per dozen tins, net, packed, are the respective values listed on schedule A, attached to and made a part of this decision, for the product and size of container shown on the invoice and stated in the entry, at the time of exportation of the merchandise covered by this remand.

As to all other merchandise, this remand, having been abandoned, is dismissed.

Judgment will be entered accordingly.

SCHEDULE "A" ·

IMPORTER: RED LINE COMMERICAL CO., INC.
EXPORTER: ARGENTINE ESTATES OF BOVRIL
REMAND OF PROTEST: 59/6780–89169

| Item | Period | United States values, per dozen tins, net packed |
|---|---|---|
| 12 oz. Tins Corned Beef | 1/1/57 to 5/ 2/57 | $2. 3036 |
| 6 lb. Tins Corned Beef | 1/1/57 to 5/ 2/57 | 16. 6780 |
| 12 oz. Tins Roast Beef | 1/1/57 to 4/30/57 | 2. 3128 |